STATE *vs.* JAMES H. RYAN.

SAME *vs.* JAMES H. RYAN *et al.*

SAME *vs.* ROBERT HYMAN.

SAME *vs.* ROBERT HYMAN *et al.*

SAME *vs.* WILLIAM E. SULLIVAN.

SAME *vs.* FRANK J. L. TONER.

SAME *vs.* FRANK J. L. TONER *et al.*

SAME *vs.* WILLIAM E. SULLIVAN *et al.*

JANUARY 16, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. We have before us eight indictments. One of these indictments charges James H. Ryan with being a common gambler. The same charge is made in the same manner against Robert Hyman, William E. Sullivan and Frank J. L. Toner. The other four indictments charge these same defendants with conspiracy to violate the gambling statute. Motions to quash the indictments, on the same or similar grounds, were made by the defendants in all cases. After hearing, these motions were denied by a justice of the superior court, and an exception to such ruling was duly noted in behalf of each defendant. Within the time prescribed by statute, bills of exceptions were filed by all the defendants, but the trial justice refused to allow them, on the ground that they were prematurely preferred. In compliance with general laws 1938, chapter 542, § 9, the cases were then certified by the clerk of the superior court to this court, where they were subject to assignment, on motion of either party or by agreement, on the question of the truth of the exceptions.

While the cases were thus in the files of this court, the state moved, in writing, that the bill of exceptions in each case be dismissed as premature. When these motions came up for hearing, the defendants opposed the state's motions to dismiss, contending that, according to the terms of said § 9, the cases were in this court for the purpose of establishing the truth of the exceptions. They therefore moved orally that the cases be continued for hearing to a day certain on the truth of their exceptions and on the state's motions to dismiss. No objection being interposed by the state, we continued the hearing on both sets of motions for one week.

At this later hearing the state admitted that the exceptions upon which the defendants sought to rely were in fact taken by them in the superior court, and it further admitted that, as to form, those exceptions were properly set forth in the proposed bills of exceptions. Notwithstanding these admissions by the state, the defendants contended that, on their motions to establish the truth of the exceptions, they were entitled to argue the validity of the indictments under the exceptions specified in their bills of exceptions. The argument in support of this contention is based upon the defendant's conception of expediency or public policy and not upon our decided cases, which clearly deny their contention. We, therefore, find such contention and argument entirely without merit.

The instant cases involve questions raised by bills of exceptions and not by certification before trial in the manner provided by statute. The nature of the questions raised by a motion to establish the truth of the exceptions in a bill of exceptions have been considered and determined in several decisions of this court. Until the defendants advanced their contention in the instant cases, we believed that the scope of inquiry on such a motion was clearly understood. To avoid future misunderstanding on this point, we now reiterate what this court heretofore has held at different times. On a motion to establish the truth of the exceptions, the only questions before this court are: first, whether the exceptions to be relied upon were actually taken in the trial court; and, second, if so taken, whether such exceptions are "separately and clearly" stated in the bill of exceptions, as required by G. L. 1938, chap. 542, § 5. This court is in no way concerned with the merit of the exceptions on a motion to establish the truth of the exceptions. *Enos* v. *Rhode Island Suburban Ry. Co.,* 29 R. I. 297, 300; *Vassar* v. *Lancaster,* 30 R. I. 221, 227; *Blake* v. *Atlantic National Bank,* 33 R. I. 109, 113. See *Nichols* v. *Mason & Co.,* 44 R. I. 43, 48.

Our examination of the record in the instant cases shows that the defendants actually took the exceptions set forth in their proposed bills of exceptions. But, granting that the truth of the exceptions is established, the state moves to dismiss the bills of exceptions as premature.

Chapter 542, § 12, in so far as pertinent, provides that "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits." This statute was construed in *Troy* v. *Providence Journal Co.*, 43 R. I. 22. Since the decision in that case, this court has repeatedly held that, subject to few and well-defined exceptions not here involved, a case shall not be brought to us piecemeal; but that it shall proceed to verdict or final decision upon its merits, so that nothing further remains to be litigated between the parties in the trial court before a party may prosecute a bill of exceptions to review rulings made by the superior court during the travel of the case. *Darman* v. *Zilch*, 63 R. I. 127, 7 A. 2d. 699, 701; *Burns* v. *Burns*, 49 R. I. 421. The situation in the instant cases clearly does not come within the terms of the statute as construed by this court.

The defendants argue that, irrespective of what the law is in civil cases, the validity of the indictments in the instant cases should now be determined under their bills of exceptions, as the defendants are exposed to the risk of going to trial on indictments that may ultimately prove insufficient.

The defendants seek to draw a distinction between civil and criminal cases, and contend that there is no reported decision of this court holding that the same rules respecting the prosecution of a bill of exceptions apply in both classes of cases. They argue that in a criminal prosecution the rights of the individual "ought to be carefully guarded and maintained"; that a decision of the lower court sustaining a "Motion to Quash, a Demurrer or Plea in Abate-

ment is a final determination of the case . . . so long as there is a possibility on appeal that the indictment may be judicially determined to be bad . . . ."

We appreciate the zeal of counsel in behalf of their clients, but we find no merit in their contention. The rights of a person accused of a crime should be carefully guarded *under the law,* but not in disregard of the law. Chapter 542 makes no distinction between civil and criminal cases as to the time and manner in which a bill of exceptions may be prosecuted by an aggrieved party, nor is any such distinction to be inferred by necessary implication. It is clear to us that the law which governs the prosecution of a bill of exceptions is the same in both civil and criminal cases.

The defendants say that they have found no reported case in this state dealing with the question which they have raised and argued to us in the instant cases. Neither have we, except for the significant language of the court in the case of *In re Lanni,* 47 R. I. 158. Having occasion to consider the right of a defendant to prosecute a bill of exceptions under the facts in that case, at page 161 of the opinion, the court says: "Our conclusion is that under the statute it is only after a verdict of conviction, or after the denial of his motion for a new trial, that the respondent in a criminal case is permitted to file a bill of exceptions."

But there are at least two unreported criminal cases where this court, in circumstances stronger than those in the instant cases, has summarily dismissed the defendant's bill of exceptions as premature. In each of those cases the bill of exceptions was *allowed* by a justice of the superior court, while in the instant cases such justice has expressly *disallowed* the bill of exceptions in each instance.

In *State* v. *Smith,* "No. 4236" in the files of this court, the defendant prosecuted a bill of exceptions following

the sustaining of the state's demurrer to his plea in abatement. The laconic entry on the jacket of that case, which in all probability represents a ruling from the bench, is "1911 May 1 defendant's bill of exceptions dismissed without prejudice as prematurely preferred."

In *State* v. *Malley,* "No. 7807" in the files of this court, the defendant prosecuted a bill of exceptions to the overruling of a demurrer to the indictment. The jacket-entry is the only evidence of this court's action on the state's motion to dismiss the bill of exceptions. It reads: "1936 July 6 defendants bill of exception filed June 1, 1936 dismissed without prejudice to her right to include her exception in a later bill of exceptions, the case remitted to Superior Court for Providence and Bristol Counties for further proceedings."

The bill of exceptions in each of the instant cases is, therefore, dismissed as prematurely preferred, without prejudice to the defendant or defendants therein named. The cases are remitted to the superior court for further proceedings.

*Louis V. Jackvony,* Attorney General, *James O. Watts,* Asst. Atty. Gen., for State.

*William H. McSoley, William H. McSoley, Jr.,* for defendants Hyman *et al.*

*Peter W. McKiernan, John C. Going, Frank S. McKiernan,* for defendants Sullivan *et al.*

*Harlow and Boudreau, Donald O. Burke, Herman D. Ferrara,* for defendants Ryan *et al.*